IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACKE CARTER,

                Plaintiff,

v.

SANDRA MCARDLE and JOLINDA WATERMAN,

                Defendants.

ORDER

19-cv-57-wmc

The court is in receipt of a number of filings by plaintiff Jackie Carter, concerning his request for a preliminary injunction. While the court recognizes that the decision to prescribe opioids is entitled to deference to the medical provider, *see, e.g.*, *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012), Carter's most recent submissions suggest that he may not be receiving *any* pain medication. Before ruling on the motion for a preliminary injunction, therefore, the court requests that defendants provide updates on or before June 24, 2019, as to two issues raised in his submissions.

*First*, the medical records indicate a referral was made to a nephrologist to address elevated bloodwork results. In his submissions to this court, Carter represents that he was seen by a nephrologist on April 3, 2019. Defendants should provide the court with any medical records from this appointment or from other referrals, if any, to a nephrologist or pain management expert in the last year. Even more specifically, the court is interested in any guidance as to what prescriptions he has received in the last year, including any reference to Carter's representation that a nephrologist told him he could resume taking Tramadol. Moreover, if Dr. Gavin has reviewed any medical report from a nephrologist or

obtained other information from relatively recent bloodwork, the court would like an update on her current medical opinion as to the safety of Carter resuming Tramadol.

*Second*, Carter indicates that his Lyrica prescription was discontinued on April 25, 2019. The court requests an update on the status of that or any other pain relief medication currently prescribed for Carter. To the extent that Carter has not already done so, he is ordered to provide a medical waiver for defendants' counsel's use in this case.

Finally, the court notes that Carter acknowledges in his submission that his Lyrica prescription was discontinued by defendant Sandra McArdle because of his failure to appear for an appointment. Moreover, his medical record is replete with appointment refusals. The court understands Carter has concerns about McArdle's medical treatment, and specifically about her alleged altering of prescriptions, but he is only hurting himself by failing to cooperate with HSU. In particular, while Carter seems to blame McCardle for the decision to discontinue Tramadol, the medical record paints a different picture. Indeed, as Carter knows from Dr. Gavin's thoughtful communications, it appears that Dr. Gavin refused to prescribe Tramadol because of concerns with his kidney function. (Dkt. #17-1 at 31.) Accordingly, the court urges him to attend medical appointments and cooperate fully with the health care professionals at HSU.

ORDER

IT IS ORDERED that:

1) Plaintiff Jackie Carter promptly provide a medical waiver to defendants' counsels for use in the case to the extent he has not already done so.

2) On or before June 24, 2019, defendants provide an update on the two areas identified above.

Entered this 10th day of June, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge